[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

 

No. 96-1049

BRAE ASSET FUND, L.P.,

Plaintiff, Appellant,

v.

WELD MANAGEMENT, INC.,

Defendant, Appellee.

 

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge] 

 

Before

Torruella, Chief Judge, 

Cyr and Lynch, Circuit Judges. 

 

John A. Doonan, with whom Doonan & Graves, Debra Csikos, and 
Acquisition Management, Inc. were on brief for appellant. 
Joseph K. Mackey, with whom Kearney & Gleason, P.C. was on brief 
for appellee. 

 

December 3, 1996
 

Per Curiam. Following oral argument and a careful Per Curiam. 

review of the briefs and the entire record on appeal, we affirm

the summary judgment entered in favor of Weld Management, Inc.

("Weld"), essentially for the reasons stated by the district

court. Largely on the strength of inapposite authorities,

see, e.g., Den Norske Bank AS v. First Nat'l Bank of Boston, 75 

F.3d 49 (1st Cir. 1996); Cofman v. Acton Corp., 958 F.2d 494 (1st 

Cir. 1992), appellant Brae Asset Fund, L.P. ("Brae") asserts on

appeal that the plain literal import of the language in the

limited recourse loan guaranty drafted by its predecessor in

interest, Bank of New England, and executed by Weld's predecessor

in interest, E. Denis Walsh, Inc. should be disregarded

because the parties could not have intended that a loan guaranty

be rendered meaningless as the district court's interpretation

essentially does. Brae's argument fails. 

Even assuming that the guaranty language is ambiguous,

Brae did not generate a trialworthy issue of material fact, see, 

e.g., Den Norske Bank AS, 75 F.3d at 53, since it proffered no 

extrinsic evidence (e.g. circumstances surrounding negotiations

or execution of guaranty, "usage of trade" evidence, course of

dealing) which might enable a reasonable factfinder to determine

that the parties meant the limited recourse guaranty to be

unlimited, as Brae urges. See id. at 55-59. In fact, Brae has 

not so much as intimated that any such extrinsic evidence exist-

ed, nor indicated, for example, whether the original guarantor,

E. Denis Walsh, Inc., even owned property which it might have

2

mortgaged to secure its loan guaranty. Absent extrinsic evidence

sufficient to generate a material issue of fact, its opposition

to summary judgment was unavailing. See id. 

Accordingly, the district court judgment is affirmed; Accordingly, the district court judgment is affirmed; 

costs to appellee. costs to appellee. 

3